CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 3 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CURTIS W. KING, | Civil Action No. 7:10cv00474 |
| Petitioner, | |
| v. | |
| | MEMORANDUM OPINION |
| GENE JOHNSON, | |
| | By: Hon. James C. Turk |
| Respondent. | Senior United States District Judge |

Curtis W. King ("King"), a state inmate proceeding pro se, brings this petition for writ of habeas corpus pursuant to 22 U.S.C. § 2254. King asserts due process violation because (1) the trial court erred in admitting perjured testimony and (2) the prosecutor improperly lead a witness to falsely testify. Respondent filed a motion to dismiss, to which King responded, making the matter ripe for disposition. Because Petitioner filed additional documents outside the pleadings, the Court must consider Respondent's motion to dismiss as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Upon review of the parties' arguments and the case record, the Court finds that the Respondent's motion to dismiss must be **GRANTED**, and Petitioner's request for § 2254 relief must be **DENIED**.

I.  Background and Procedural History

On September 11, 2003, Dana Gardner ("Gardner") was talking on a pay phone at a convenience store. While on the pay phone, King allegedly walked up to Gardner and said, "You got beef with my cousin." As Gardner reached for his gun, King allegedly pulled his gun

out and shot Gardner multiple times.

During King's trial, the Commonwealth called, among other witnesses, Ernest Gwynn ("Gwynn") as a rebuttal witness. Gwynn testified he was with King on September 11, 2003, in a green Stratus at the convenience store. (Trial Transcript, pg. 73, ¶ 8-20). Gwynn also testified he saw King "dry firing" at Gardner and when King returned back to the car, he saw King had a gun and told him not to say anything.

The transcript record also shows that Gwynn was reluctant to testify and that he was at the trial under a subpoena. (Trial Transcript, pg. 71, ¶ 15-25, and pg. 72, ¶ 3-4). On direct examination, Gwynn also testified he had been in jail since March 2003 serving a 14 month sentence. (Trial Transcript, pg. 72, ¶ 7-18). Gwynn further testified he wanted a furlough and that the Commonwealth had agreed to bring his situation before the Judge if he testified truthfully in King's case. (Trial Transcript, pg. 72, ¶ 19-25).

On September 21, 2004, King was found guilty, following a bench trial in the Circuit Court for the City of Danville, of aggravated malicious wounding in violation of Virginia Code § 18.2-51.2(A); use of a firearm in commission of that offense in violation of Virginia Code § 18.2-53.1; and possession of a firearm by a convicted felon in violation of Virginia Code § 18.2-308.2(A). King was sentenced to serve a total active sentence of 8 year in prison on October 28, 2004, and final judgment was entered on December 8, 2004.

The Court of Appeals of Virginia granted King's petition for appeal. After briefing and hearing arguments, the court affirmed his convictions and issued an unpublished opinion on April 25, 2006. King subsequently filed a petition for appeal to the Virginia Supreme Court which was refused on October 17, 2006.

## II. Standard of Review

### a. Motion for Summary Judgment

When a motion to dismiss is submitted and either party submits documents or affidavits outside the pleadings, the Court must consider it a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 12(d).[1] King submitted additional affidavits with his petition, so the Respondent's motion to dismiss must be treated as a motion for summary judgment.

In reviewing a motion for summary judgment, the Court views the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). The Court looks to the affidavits and other specific facts to determine whether there is a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

### b. Section 2254

Federal courts will entertain a defendant's writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2010). However, when reviewing the writ, federal courts are required "to accord state-court factual findings a presumption of correctness." Hernandez v. New York, 500 U.S. 352, 366 (1991). This presumption "appl[ies] with equal force to [a federal court's] review

---

[1] The parties received reasonable and explicit notice of the Court's intention to convert the Respondent's motion to dismiss into one for summary judgment. The Clerk of the Court issued a *Roseboro* Notice on November 17, 2010, explaining that "if documents or affidavits outside the pleadings are submitted by either party, any motion(s) to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be considered as motion(s) for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." (Dkt. No. 7).

3

of a state trial court's findings of fact made in connection with a federal constitutional claim," except for exceptional circumstances. Id.

### III. AEDPA Time-Bar

This Court will not consider the merits of King's petition because his petition is time-barred under 28 U.S.C. § 2244. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The time period runs from the "latest" of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

King's case concluded on October 17, 2006 when the Supreme Court of Virginia refused his petition for appeal. The federal statute of limitations began to run on January 17, 2007, when King's time for filing a petition for certiorari to the United States Supreme Court expired. Therefore, pursuant to 28 U.S.C. § 2244, King's federal habeas petition was due on or before

4

January 17, 2008. King failed to file his federal habeas petition until October 14, 2010, over two years after AEDPA's imposed time limitation.

Further, King fails to demonstrate entitlement to a belated commencement of the statute of limitations. Under 28 U.S.C. § 2244(d)(1)(D), the AEDPA's statute of limitations may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In this case, King contends he did not know of Gwynn's true motivation for testifying until January 31, 2010 when he asked Gwynn. However, King concedes in his appeal in state court that he knew the Commonwealth promised a potential furlough in exchange for Gwynn's testimony. Also, the trial record shows that Gwynn testified of the fact that he wished to receive a furlough in exchange for his testimony against King. (Trial Transcript, pg. 72, ¶ 19-25.) Nevertheless, King failed to inquire further into Gwynn's motivation for testifying either during trial or within the AEDPA's time frame. Instead, King states he learned about Gwynn's true motivation while talking to Gwynn about a separate matter. King also presents no explanation for his failure to inquire about Gwynn's motivation before King's discovery on January 31, 2010. As a result, the Court finds that by using due diligence King could have determined the factual predicate of his claims at his trial on September 21, 2004.

For these stated reasons, this Court finds King is not entitled to belated commencement of the statutory limitation, and King's petition is time-barred under 28 U.S.C. § 2244.

### IV.    Conclusion

This petition must be dismissed because King failed to file his petition for a writ of habeas corpus within the AEDPA 1-year limitation period. Therefore, King's petition is time-

5

barred under 28 U.S.C. § 2244.

For the stated reasons, the United States' motion to dismiss (Dkt. No. 4) is **GRANTED** and King's 28 U.S.C. § 2254 Motion (Dkt. No. 1) is **DISMISSED**. An appropriate order shall issue this day.

Petitioner is advised that he may appeal this decision, pursuant to Rule 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability pursuant to § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court finds that King has failed to demonstrate such a showing, and thus declines to issue any certificate of appelability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If King intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this Court within 30 days of the date of entry of the final order, or within such extended period as the Court may grant pursuant to Rule 4(a)(5) of the Federal rules of Appellate Procedure.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to King and counsel of record for the Respondent.

ENTER: This 3rd day of January, 2011

/s/ James C. Turk
Senior United States District Judge